UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                          :

ANGELO GRACE,

                         Petitioner,

                                  22-CV-5625 (JMF)

            -v-

                                  TRANSFER ORDER

MARK ROCHWOOD, Superintendent of Gouverneur
Correction Facility,

                       Respondent.

------------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

       Petitioner, who is currently incarcerated in Gouverneur Correctional Facility, brings this *pro se* petition, under 28 U.S.C. § 2254, challenging his November 4, 2004 conviction in the New York Supreme Court, New York County. *See* ECF No. 1 ("Pet."), at 1, 11.[1] Petitioner seeks to challenge the legality of his November 4, 2004 state court conviction. Pet. ¶¶ 1, 3.

       The Court's records show that Petitioner filed a previous application for relief under Section 2254 challenging the same conviction. *See Grace v. Atty. Gen. of N.Y. State*, No. 09-CV-7943 (LTS) (KNF), 2010 WL 4449086 (S.D.N.Y. Oct. 18, 2010), *report & recommendation adopted*, 2010 WL 4447154 (S.D.N.Y. Nov. 5, 2010), *appeal dismissed*, No. 11-139, ECF No. 9 (2d Cir. Feb. 4, 2011); *see also Grace v. Capra*, No. 15-CV-1300, ECF No. 6 (S.D.N.Y. Apr. 2, 2015) (determining Petitioner's Section 2254 petition to be second or successive and transferring the petition to the Second Circuit), *motion to file a successive Section 2254 petition denied*, No. 15-1023, ECF No. 20 (2d Cir. July 14, 2014). Because Petitioner's previous application for

---

[1] References to page numbers in this filing are to the page numbers automatically generated by the Court's ECF system.

2

relief under Section 2254 was decided on the merits, this application is a second or successive petition. *See Graham v. Costello*, 299 F.3d 129, 133 (2d Cir. 2002).

Before a second or successive Section 2254 *habeas* petition is filed in the district court, authorization from the appropriate court of appeals is required. 28 U.S.C. § 2244(b)(3)(A). Petitioner must therefore move in the United States Court of Appeals for the Second Circuit for permission to pursue this application.[2] For the foregoing reasons, and in the interest of justice, the petition is therefore transferred to the United States Court of Appeals for the Second Circuit. *See* 28 U.S.C. § 1631; *see also Liriano v. United States*, 95 F.3d 119, 122-23 (2d Cir. 1996) (per curiam). This order closes this case. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen this case under this civil docket number.

Because Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: July 6, 2022
      New York, New York

_____
JESSE M. FURMAN
United States District Judge

---

[2] Any motion to the Court of Appeals must show that: (A) the claim being raised by the petition "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," 28 U.S.C. § 2244(b)(2)(A); or (B) "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence," and "the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense," 28 U.S.C. § 2244(b)(2)(B)(i)-(ii).